1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                            AT TACOMA

8    JERELL MARSHON JACKSON, JR.

9                          Plaintiff,          Case No. C22-5959-JCC-SKV

10           v.

11   TODD E. GOODWIN, *et al.*,                REPORT AND RECOMMENDATION

12                         Defendants.

13

14                    I.      INTRODUCTION

15          This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Jerell Jackson is

16   currently confined at the Coyote Ridge Corrections Center in Connell, Washington.  Plaintiff

17   alleges in this action violations of his Eighth and Fourteenth Amendment rights arising out of an

18   incident of excessive force that he claims occurred at the Stafford Creek Corrections Center

19   ("SCCC") in December 2020.  Defendants have filed a partial motion to dismiss.  Plaintiff has

20   not yet filed a response to the pending motion, but has requested an extension of time to do so.

21   The Court does not deem a response necessary and will therefore proceed to resolution of

22   Defendants' motion.  The Court, having reviewed Plaintiff's amended complaint, Defendants'

23   partial motion to dismiss, and the balance of the record, concludes that Defendants' motion

1   should be granted in part and denied in part.  The Court further concludes that Plaintiff's motion

2   for an extension of time to respond to Defendants' partial motion to dismiss should be denied as

3   moot.

## II.    BACKGROUND

5        Plaintiff submitted his original civil rights complaint to this Court for filing on December

6   12, 2022.  Dkt. 1.  Because of deficiencies therein, the Court declined to serve Plaintiff's original

7   pleading on Defendants but granted Plaintiff leave to file an amended complaint.  Dkt. 7.

8   Plaintiff filed a proposed amended complaint on June 5, 2023.  Dkt. 12.  However, the Court

9   declined to serve that pleading as well because Plaintiff failed to adequately allege therein a

10  viable cause of action against any of the named Defendants.  Dkt. 13.  On July 26, 2023, Plaintiff

11  filed a second amended complaint, which is the operative complaint in this action.  Dkt. 15.

12       Plaintiff alleges in his second amended complaint that the Defendants named therein

13  exposed him to imminent danger, used excessive force against him, failed to protect him from

14  harm, and/or failed to provide necessary care for injuries suffered during the excessive force

15  incident.  *See* Dkt. 15 at 6-9.  Plaintiff identifies as Defendants in his second amended complaint

16  Todd Goodwin, Brian Schuetter, Randy Smith, Anthony Watson, Robert Arnold, and Marc

17  Richards, all of whom are members of the corrections staff at SCCC.  *See id*. at 3-5.  Plaintiff

18  also identifies SCCC Superintendent Ronald Haynes as a Defendant.  *See id*. at 5. Plaintiff

19  indicates in his pleading that he is suing each of these individuals in both their personal and their

20  official capacities.  *See id*. at 3-5.  Plaintiff seeks compensatory and punitive damages.  *See id*. at

21  20-21.

22       On August 9, 2023, this Court issued an Order directing that Plaintiff's second amended

23  complaint be served on the Defendants identified above.  Dkt. 17.  In a footnote on the first page

REPORT AND RECOMMENDATION
PAGE - 2

1  of that Order, the Court noted that Plaintiff identified the Washington Department of Corrections

2  ("DOC") as a Defendant in the caption of his second amended complaint but did not make any

3  reference to the DOC in Section II of the pleading where he specifically identified each

4  Defendant. *See* Dkt. 17 at 1 n.1. The Court explained that it was therefore unclear whether

5  Plaintiff intended for the DOC to be included as a Defendant in this action. *Id.* The Court

6  further explained that "[R]egardless of Plaintiff's intent, the United States Supreme Court has

7  made clear that states and state agencies are not 'persons' subject to suit under § 1983. *See Will*

8  *v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, the [ ]DOC is not a

9  proper Defendant in this action and the Court will therefore not direct service on this entity." *Id.*

10      On October 13, 2023, counsel for Defendants filed a partial motion to dismiss on behalf

11  of all Defendants, specifically including the DOC. Dkt. 22. Defendants request therein that the

12  Court dismiss with prejudice Plaintiff's § 1983 claims against the DOC and his official capacity

13  claims against the seven individual Defendants named in the second amended complaint. *See id.*

14  at 2. Plaintiff has not filed a response to Defendants' motion though, as noted above, Plaintiff

15  has requested additional time to prepare and file a response. *See* Dkt. 23. Because nothing that

16  Plaintiff might argue in a response will affect the outcome of Defendants' motion, the Court

17  deems it unnecessary to await a response from Plaintiff.

18                          **III.    DISCUSSION**

19      Defendants do not identify in their motion to dismiss the basis of this Court's authority to

20  entertain the motion at this juncture. The Court, however, construes Defendants' motion as one

21  seeking a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

22  Procedure, given that the pleadings were closed at the time Defendants filed their motion.

23

REPORT AND RECOMMENDATION
PAGE - 3

1

## A.    Legal Standards

2

### 1.    Motion to Dismiss Standard

3
        A judgment on the pleadings is properly granted when, taking all allegations in the

4
pleadings as true, the moving party establishes that no material issue of fact remains and that it is

5
entitled to judgment as a matter of law.  *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.,*

6
*Ltd.*, 132 F.3d 526 (9th Cir. 1997).  A motion pursuant to Rule 12(c) is reviewed under the same

7
standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6).  *See Gregg v. Hawaii, Dep't of Public*

8
*Safety*, 870 F.3d 883, 887 (9th Cir. 2017).  To survive a motion to dismiss, "a complaint must

9
contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

10
face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

11
U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

12
that allows the court to draw the reasonable inference that the defendant is liable for the

13
misconduct alleged."  *Id*.  Dismissal may be based on either the lack of a cognizable legal theory

14
or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica*

15
*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16
        In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as

17
true and makes all inferences in the light most favorable to the non-moving party.  *Barker v.*

18
*Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  The Court

19
also liberally construes a *pro se* pleading.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010);

20
*Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  However, the Court "may not supply

21
essential elements of the claim that were not initially pled."  *Pena*, 976 F.2d at 471.

22
//

23
//

REPORT AND RECOMMENDATION
PAGE - 4

2.     *Section 1983 Standard*

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of.  *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**B.     Analysis**

Defendants seek dismissal of all § 1983 claims asserted against the DOC.  However, Plaintiff does not appear to assert any claims against the DOC in his second amended complaint, nor does he clearly identify the DOC as a defendant.  Moreover, as noted above, the Court declined to serve Plaintiff's second amended complaint on the DOC because even if it was an intended defendant, it is not a proper one.  Given these circumstances, it is unclear what purpose is served by Defendants filing a motion to dismiss at this juncture.  As Defendants seek dismissal of all § 1983 claims asserted against the DOC, and as this Court's review of Plaintiff's second amended complaint reveals no such claims, Defendants' motion to dismiss is moot in this regard.

Defendants also seek dismissal of Plaintiff's official capacity claims against the individual Defendants named in Plaintiff's second amended complaint.  As indicated above, states and state agencies are not "persons" subject to suit under § 1983.  *See Will*, 491 U.S. at 64.  A suit for damages against a state official in his official capacity is not a suit against the official but is instead a suit against the official's office.  *See id*. at 71.  Thus, bringing suit against state

officials in their official capacity is no different than bringing suit against the state itself. *See id.* The Supreme Court has made clear that state officials sued in their official capacity for damages, like the state itself, are not considered persons for purposes of § 1983. Accordingly, Plaintiff's official capacity claims against the individual Defendants are properly dismissed.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Defendants' partial motion to dismiss (Dkt. 22) be denied as moot to the extent Defendants seek dismissal of Plaintiff's claims against the DOC, and that the motion be granted to the extent Defendants seek dismissal of the claims asserted against the individual Defendants in their official capacities. Plaintiff's official capacity claims against the individual Defendants should be dismissed with prejudice. Finally, the Court recommends that Plaintiff's motion for an extension of time to file a response to Defendants' motion to dismiss (Dkt. 23) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 29, 2023**.

//

//

//

REPORT AND RECOMMENDATION
PAGE - 6

DATED this 1st day of December, 2023.

S. KATE VAUGHAN
United States Magistrate Judge