UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERELL MARSHON JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TODD E. GOODWIN, *et al.*, <br><br> Defendants. | Case No. C22-5959-JCC-SKV <br><br> ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. Currently pending before the Court, are Plaintiff's motion to appoint counsel (Dkt. 28) and his request for production of documents (Dkt. 30). Defendants have filed a response to Plaintiff's motion to appoint counsel in which they indicate they take no position on Plaintiff's motion. Dkt. 29. With respect to Plaintiff's request for documents, no response is required in this context because, as will be explained below, Plaintiff's request was improperly filed with the Court.

The Court, having considered now Plaintiff's motion to appoint counsel, his request for production of documents, and the balance of the record, hereby finds and ORDERS as follows:

ORDER DENYING PLAINTIFF'S MOTION
TO APPOINT COUNSEL - 1

(1) Plaintiff's motion to appoint counsel (Dkt. 28) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of his motion for counsel that he is indigent and lacks legal training, that his confinement in punitive segregation will limit his ability to access legal materials and preclude him from adequately investigating his case, that the issues involved in this case are complex and will require considerable discovery, and that the case will involve conflicting testimony. *See* Dkt. 28 at 1-5. Plaintiff also asserts that his allegations, if proven, will clearly establish a constitutional violation and that his case is therefore meritorious. *Id*. at 5.

Plaintiff's indigency and his lack of formal legal training are not exceptional circumstances sufficient to warrant the appointment of counsel. As to Plaintiff claim that his ability to access legal materials is limited, the Court observes that Plaintiff's motion for counsel is detailed and includes citations to case law, and his request for production of documents is likewise detailed and accurately cites the federal rule applicable to his request. This suggests that Plaintiff does have access to legal materials necessary to litigate this case. To the extent Plaintiff expresses concerns regarding his ability to adequately investigate his case and conduct all necessary discovery, he has identified challenges typical of those faced by prisoners litigating

TO APPOINT COUNSEL - 2

actions from within the confines of a correctional facility, challenges which do not, by themselves, constitute extraordinary circumstances.

The Court observes as well that the record belies the assertion that this action is too complex for Plaintiff to litigate without assistance. Plaintiff presents a relatively straightforward claim that he was assaulted and injured by corrections officers at the Stafford Creek Corrections Center on December 8, 2020. *See* Dkt. 15 at 10-17. Plaintiff's claim is limited in time and scope, and he has demonstrated ample ability to articulate the legal and factual bases of his claim without the assistance of counsel.

With respect to Plaintiff's argument that appointment of counsel is appropriate because there is likely to be conflicting testimony in this case implicating the credibility of witnesses, he raises a concern that goes to the issue of whether counsel would be better able to cross-examine witnesses at trial. However, it is too early in the life of this action for the Court to assess whether the case is likely to proceed to trial. Similarly, the record in this action is not yet sufficiently developed for the Court to make any determination as to whether Plaintiff is likely to succeed on the merits of his claims.

Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's motion for appointment of counsel is therefore denied.

(2)     Plaintiff's request for production of documents (Dkt. 30) is STRICKEN. Pursuant to Rule 5(d)(1)(A) of the Federal Rules of Civil Procedure, discovery requests and responses thereto are not to be filed with the Court until they are to be used in the proceeding or until the Court orders that they be filed. It does not appear Plaintiff is seeking to use the

discovery materials in these proceedings at this juncture, he is simply seeking to obtain such materials from Defendants. The appropriate way for Plaintiff to obtain discovery materials from Defendants is to serve his discovery requests directly on Defendants without involving the Court. Plaintiff is instructed not to file any future discovery materials with the Court unless he intends to use them for some specific purpose or unless the Court directs that they be filed.

(3)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

DATED this 1st day of February, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO APPOINT COUNSEL - 4