UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERELL MARSHON JACKSON, JR.,<br><br>       Plaintiff,<br><br> v.<br><br>TODD E. GOODWIN, *et al.*,<br><br>       Defendants. | Case No. C22-5959-JCC-SKV<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL |

   This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. This matter comes before the Court on Plaintiff's third motion for appointment of counsel. Dkt. 40. Defendants have filed a response to Plaintiff's motion in which they indicate they take no position on Plaintiff's request for counsel. Dkt. 42. The Court, having considered Plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

   (1) Plaintiff's third motion for appointment of counsel (Dkt. 40) is DENIED. As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional

circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff presents essentially the same arguments in his current motion for appointment of counsel as he presented in his second such motion.[1] In particular, Plaintiff argues that he is indigent and lacks legal training, that his confinement renders him unable to investigate the facts of the case, that the factual and legal issues are complex and will require considerable discovery, and that the case will involve conflicting testimony. *See* Dkt. 40 at 3-6. Plaintiff also asserts that his allegations, if proven, will clearly establish a constitutional violation and that his case therefore has merit. *Id*. at 6.

As the Court previously explained, Plaintiff's indigency and his lack of formal legal training are not exceptional circumstances sufficient to warrant appointment of counsel. *See* Dkt. 33 at 2. To the extent Plaintiff argues that his incarceration renders him unable to investigate the facts of his case or to engage in necessary discovery, his argument is not supported by the record. Though the investigation and discovery processes may be more challenging for Plaintiff given his confinement, he has not demonstrated that he is wholly unable to engage in these activities. Indeed, the record reflects that Plaintiff is currently in the process of conducting discovery (*see* Dkt. 37), which should be manageable given the limited scope of the claim currently before the Court.

---

[1] Plaintiff filed his second motion for appointment of counsel on January 5, 2024, and the Court issued an Order denying that motion on February 1, 2024. *See* Dkts. 28, 33.

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR APPOINTMENT OF COUNSEL - 2

To the extent Plaintiff argues that this action is too complex for him to litigate without assistance, the Court notes, as it did in its Order denying Plaintiff's second motion for counsel, that Plaintiff presents a relatively straightforward claim alleging that he was assaulted and injured by corrections officers at the Stafford Creek Corrections Center on December 8, 2020. *See* Dkt. 33 at 3 (citing Dkt. 15 at 10-17). This claim is limited in time and scope, and Plaintiff has demonstrated ample ability to articulate the legal and factual bases of his claim without the assistance of counsel.

Plaintiff suggests in his current motion that this case is, in fact, complex because he will be seeking to amend his complaint to add claims alleging the denial of medical care following the alleged assault and the denial of due process in disciplinary proceedings relating to the incident. *See* Dkt. 40 at 1-3. However, any amendment would require leave of court and Plaintiff has yet to request such relief from the Court. Even if Plaintiff were to file a proper motion to amend and a proposed amended complaint, both of which are required before a request to amend may be considered, there is no guarantee that any proposed amendment would be permitted at this stage of the proceedings.

To the extent Plaintiff argues that appointment of counsel is appropriate because there is likely to be conflicting testimony implicating the credibility of witnesses, the Court notes, as it did in its Order denying Plaintiff's second motion for counsel, that this concern goes to the issue of whether counsel would be better able to cross-examine witnesses at trial. *See* Dkt. 33 at 3. The record remains insufficient for the Court to assess whether the case is likely to proceed to trial or whether Plaintiff is likely to succeed on the merits of his claims.

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR APPOINTMENT OF COUNSEL - 3

For the foregoing reasons, this Court concludes that Plaintiff has not demonstrated his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's third motion for appointment of counsel is therefore denied.

(2) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

DATED this 10th day of June, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR APPOINTMENT OF COUNSEL - 4