UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERELL MARSHON JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TODD E. GOODWIN, *et al.*, <br><br> Defendants. | Case No. C22-5959-JCC-SKV <br><br> ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has submitted to the Court for consideration two motions to amend his complaint. Dkts. 43, 45. Plaintiff indicates in his motions that he is seeking to both add new parties and remove parties, and to add new claims. *See id*. Plaintiff incorporates into each motion his proposed amendments, but he has not provided the Court or Defendants with a proposed amended pleading. *See id*. Plaintiff also includes in his first motion to amend discovery requests directed to Defendants. *See* Dkt. 43 at 6-8.

Defendants have filed responses opposing both of Plaintiff's motions to amend. Dkts. 46, 47. Defendants argue that Plaintiff has not complied with Local Civil Rule ("LCR") 15(a) because he has not submitted a proposed amended complaint as a separate exhibit, and he has not

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND - 1

identified appropriately what should be added or deleted from his second amended complaint, which is the operative pleading in this action. *See* Dkt. 46 at 2. Defendants also argue that permitting Plaintiff to amend his complaint in this manner at this stage of the proceedings creates a substantial hardship for them. *Id*. at 3. Defendants note, in particular, that the discovery deadline is approaching and that the addition of new defendants and new claims will delay proceedings as it will take additional time to locate individuals and appropriately respond to discovery. *Id*.

Defendants are correct that Plaintiff's motion to amend is procedurally deficient because it does not comply with the local rules of this Court. LCR 15(a) requires that a copy of the proposed amended pleading be attached as an exhibit to any motion seeking leave to amend a pleading. The rule also requires that a party indicate on the proposed amended pleading how it differs from the pleading it amends. *See* LCR 15(a). Plaintiff did not attach a copy of a proposed amended pleading to either of his motions, he merely sets forth in the body of his motions very brief descriptions of his purported claims against the proposed new defendants. This attempt to amend fails to comply with the basic procedural rules set forth in LCR 15.

Though this procedural deficiency is fatal to Plaintiff's motions, the Court notes as well that Plaintiff has not demonstrated that he is otherwise entitled to amend at this juncture. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

ORDER DENYING PLAINTIFF'S
MOTIONS TO AMEND - 2

Plaintiff filed this action over 19 months ago. *See* Dkt. 1. At the outset of the action, Plaintiff was twice granted leave to file amended pleadings in order to cure deficiencies in his original and first amended complaints. *See* Dkts. 7, 13. In the Court's Orders granting him leave to amend, Plaintiff was specifically advised of basic pleading requirements, including the requirement that he demonstrate how individually named defendants personally participated in causing him harm of federal constitutional dimension. *See id*. The proposed amendments set forth in Plaintiff's current motions in no way comply with those requirements.

In the first of his two motions to amend, Plaintiff identifies eight additional corrections officers whom he claims were involved in the use of force incident that gave rise to this action, and he identifies three members of the prison medical staff whom he claims failed to provide him proper treatment for injuries suffered during the use of force incident. Dkt. 43 at 2-5. However, Plaintiff fails to set forth clear and specific facts showing how each proposed new defendant personally participated in causing the harm alleged. The proposed amendments set forth in Plaintiff's first motion are simply too vague and conclusory to state a plausible claim for relief against any of the defendants identified therein.

In his second motion to amend, Plaintiff identifies as proposed new defendants individuals whom he identified as defendants in earlier pleadings but against whom he was unable to plead viable causes of action. *See* Dkt. 45. Once again, however, Plaintiff fails to set forth clear and specific facts showing how each proposed new defendant personally participated in causing him harm of federal constitutional dimension. The Court notes that many of the proposed new defendants appear to be supervisory officials, and Plaintiff's vague allegations concerning their conduct suggests he is attempting to have these individuals held liable based on

their supervisory responsibilities or positions which, as Plaintiff was previously advised, is insufficient to state a cause of action under § 1983.

As Plaintiff has previously been granted opportunities to amend his pleadings to cure defects therein, as Plaintiff's most recent attempts to amend are both procedurally deficient and fail to set forth viable claims for relief against the proposed new defendants, and as Plaintiff's attempts to amend come very late in this action with the discovery deadline approaching, this Court concludes that leave to amend should not be granted.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)     Plaintiff's motions to amend (Dkts. 43, 45) are DENIED.

(2)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

Dated this 15th day of July, 2024.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge