UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERELL MARSHON JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TODD E. GOODWIN, *et al.*, <br><br> Defendants. | Case No. C22-5959-JCC-SKV <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO EXTEND TIME |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff has submitted to the Court for consideration two motions for extension of time seeking a 90-day extension of all pretrial deadlines.  *See* Dkts. 53, 55.  In his first motion, filed on July 26, 2024, Plaintiff indicated that the requested extension was necessary because, as of that date, he had yet to receive requested video footage relevant to his claims and he had yet to receive answers to his interrogatories.  *See* Dkt. 53.  Plaintiff also indicated that he had located witnesses, apparently through earlier discovery produced by Defendants, from whom he wished to obtain statements.[1]

---

[1] Plaintiff also expressed concern in his motion about Defendants having been terminated from this action.  *See* Dkt. 53 at 2.  It appears Plaintiff is referring to the Court's docket sheet which identifies all defendants who have been named in Plaintiff's various pleadings, some of whom are identified as having been terminated with a corresponding date of termination.  The "terminated" designation refers to individuals who were not identified as defendants in succeeding versions of Plaintiff's complaint.  The

ORDER GRANTING IN PART PLAINTIFF'S
MOTIONS TO EXTEND TIME - 1

*See id*.  In his second motion, filed on August 5, 2024, Plaintiff acknowledged having received two DVDs containing video footage on August 1, 2024, but indicated that the video footage still needed to "be viewed and studied."  Dkt. 55.  Plaintiff also noted that there was still discovery outstanding and that he was still attempting to obtain witness statements.  *Id*.

Defendants oppose Plaintiff's request for a 90-day extension of time, as they deem the extension unwarranted.  *See* Dkts. 57, 58.  Defendants note, with respect to Plaintiff's desire to obtain witness statements, that the names of the witnesses were contained in a document produced by them on or about March 1, 2024, and that Plaintiff could have coordinated with counsel to conduct interviews with individuals not named as parties.  Dkt. 57 at 2.  Plaintiff, however, apparently did not do so.  Defendants also note, that in addition to providing the videos on August 1, 2024, they also provided timely responses to most of Plaintiff's discovery requests by August 5, 2024.  *See* Dkts. 58, 59.  Defendants acknowledge that as of the date they filed their responses to Plaintiff's motions a small amount of discovery remained outstanding but was expected to be provided to Plaintiff by August 23, 2024.  *See* Dkt. 58 at 2.  Finally, Defendants acknowledge that though they deem the requested extension unwarranted at this stage of the proceeding, they also understand that a great deal of discovery has been provided to Plaintiff and it may feel overwhelming to him to get through it.  *See* Dkt. 57 at 2; Dkt. 58 at 2.

At the time Plaintiff filed his initial motion for extension time, there were still three days remaining in the discovery period and many of Defendant's responses to Plaintiff's discovery requests had not been provided and were not provided until after the discovery deadline had

---

active defendants are those individuals named in Plaintiff's second amended complaint, which is the operative pleading in this action.  *See* Dkt. 15.  Any individual named as a Defendant in a prior version of Plaintiff's complaint but not named as a Defendant in Plaintiff's second amended complaint is deemed terminated.

ORDER GRANTING IN PART PLAINTIFF'S
MOTIONS TO EXTEND TIME - 2

passed.[2]  Defendants have now filed a motion for summary judgment, consistent with the pretrial deadlines previously established by the Court.  (*See* Dkts. 39, 63.)  While Plaintiff has not shown good cause to conduct additional discovery, the Court deems it appropriate to grant Plaintiff some additional time to review the discovery he has received, and to obtain the witness statements he appears to be seeking, before filing a response to Defendants' summary judgment motion.  The Court deems 90-days an excessive amount of time, but the Court is willing to grant Plaintiff a more modest extension as set forth below.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff shall file any response to Defendants' motion for summary judgment not later than ***November 8, 2024***.  Defendants' motion for summary judgment (Dkt. 63) is RE-NOTED on the Court's calendar for consideration on ***November 15, 2024***.

(2) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

Dated this 5th day of September, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] Defendants properly filed most of their responses within 30 days of having received Plaintiff's discovery requests, but the requests themselves were received by Defendants less than 30 days before the discovery deadline passed.  *See* Dkt. 59, Ex. 1.

ORDER GRANTING IN PART PLAINTIFF'S
MOTIONS TO EXTEND TIME - 3