UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERELL MARSHON JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TODD E. GOODWIN, *et al.*, <br><br> Defendants. | Case No. C22-5959-JCC-SKV <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for an extension of time. Dkt. 75. The only deadline currently pending is the deadline for Plaintiff to file a response to Defendants' motion for summary judgment, which is currently noted for consideration on November 15, 2024. *See* Dkt. 63. Plaintiff does not indicate in his motion how much additional time he is seeking; he states only that an extension is necessary because he has been moved to a different prison and has yet to receive his property. Dkt. 75. Plaintiff also indicates in his motion that he still needs to depose witnesses in this matter and meet with Defendants' counsel about setting up interviews. *Id*.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR EXTENSION OF TIME - 1

Defendants have filed a response opposing Plaintiff's motion for extension of time. Dkt. 76. Defendants argue that Plaintiff has been granted several extensions by the Court in this action, and that his current reasons for needing an extension do not rise to the level of good cause. *Id*. In an affidavit filed by Plaintiff in reply, Plaintiff complains that Defendants' counsel advised him they could not help with interviewing witnesses and collecting statements and he maintains that he does not have the ability to do interviews himself because he is incarcerated. Dkt. 77. Plaintiff asserts that he requires assistance from the Court to obtain the resources necessary to prevail on summary judgment and to conduct interviews. *Id*.

The record confirms that numerous extensions have been granted during the pendency of this action. The Court issued its original Pretrial Scheduling Order on December 1, 2023. Dkt. 26. In that Order, the Court established a discovery deadline of March 1, 2024, and a dispositive motion filing deadline of April 1, 2024. *See id*. On February 7, 2024, the parties submitted a stipulated motion seeking a 60-day extension of the pretrial deadlines. Dkt. 35. The Court granted that motion and extended the discovery deadline to April 30, 2024, and the dispositive motion filing deadline to May 31, 2024. Dkt. 36. On May 1, 2024, Plaintiff moved for an additional 90-day extension of the discovery deadline. Dkt. 37. Defendants concurred with the request and asked that all pretrial deadlines be extended accordingly. Dkt. 38. The Court granted Plaintiff's motion and extended the discovery deadline to July 29, 2024, and the dispositive motion filing deadline to August 29, 2024. Dkt. 39.

On July 26, 2024, and again on August 5, 2024, Plaintiff filed motions seeking an additional 90-day extension of the pretrial deadlines. *See* Dkts. 53, 55. Plaintiff cited to the fact that there was still discovery outstanding at that time, and that he was still attempting to obtain witness statements. *See id*. Defendants opposed Plaintiff's motions, arguing that the requested

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR EXTENSION OF TIME - 2

extension was unwarranted, but acknowledging that a great deal of discovery had been provided to Plaintiff and the task of getting through it may be overwhelming to him.  *See* Dkts. 57, 58.

On August 29, 2024, while Plaintiff's motions for extension of time were awaiting consideration by the Court, Defendants filed their motion for summary judgment and noted the motion for consideration on September 27, 2024.  Dkt. 63.  On September 5, 2024, the Court issued an Order in which it advised that Plaintiff had not shown good cause to conduct additional discovery, but that it would grant him some additional time to review the discovery he had received and to obtain the witness statements he was seeking.  Dkt. 73.  The Court re-noted Defendants' motion for summary judgment for consideration on November 15, 2024.  *Id*.  Plaintiff now seeks what appears to be an indefinite extension of time while he awaits his legal materials and arranges witness interviews.  Dkt. 75.

To the extent Plaintiff claims he is unable to respond to Defendants' summary judgment motion because he has yet to receive his legal materials from his prior facility, the Court deems a brief extension of time appropriate.  However, to the extent Plaintiff seeks additional time, and the assistance of the Court, to conduct interviews and/or procure witnesses statements, an extension of time is not warrant.  It is not the responsibility of the Court, or Defendants' counsel, to assist Plaintiff in litigating this matter.  Rather, it is Plaintiff's responsibility to collect the evidence he believes is necessary to contest Defendants' motion for summary judgment, and the record suggests he has had ample time to do so.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Plaintiff's motion for extension of time (Dkt. 75) is GRANTED in part.  Plaintiff shall file any response to Defendants' motion for summary judgment not later than ***December 13, 2024***.  No further extensions will be granted.  Defendants' motion for summary judgment

(Dkt. 63) is RE-NOTED on the Court's calendar for consideration on **December 20, 2024**. Any reply brief should be filed by that date.

  (2) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour.

  Dated this 6th day of November, 2024.

                S. KATE VAUGHAN
                United States Magistrate Judge