UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERELL MARSHON JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TODD E. GOODWIN, *et al.*, <br><br> Defendants. | Case No. C22-5959-JCC-SKV <br><br> ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL AND DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL |

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff is currently confined at the Washington Corrections Center in Shelton, Washington. He alleges in this action violations of his constitutional rights arising out of a use of force incident that occurred at the Stafford Creek Corrections Center in December 2020. Plaintiff filed this action *pro se* on December 12, 2022, and he was thereafter granted leave to proceed with this action *in forma pauperis*. *See* Dkts. 1, 3. This Court found that Plaintiff's original complaint was deficient and therefore declined to serve the complaint but granted him leave to file an amended complaint correcting specified deficiencies. *See* Dkts. 6, 7.

As the deadline for Plaintiff to file his amended complaint approached, Plaintiff filed a motion seeking an extension of that deadline and a motion for appointment of counsel. Dkts. 8,

9. The Court granted the requested extension but denied Plaintiff's motion for counsel. Dkt. 10. On June 5, 2023, Plaintiff filed an amended civil rights complaint. Dkt. 12. Upon review, this Court concluded that Plaintiff's amended pleading was also deficient and therefore declined to serve it, but granted Plaintiff leave to file a second amended complaint correcting specified deficiencies. Dkt. 13. On July 26, 2023, Plaintiff filed a second amended complaint that the Court deemed sufficient to warrant service on defendants. *See* Dkts. 15, 17.

On December 1, 2023, the Court issued a pretrial scheduling order setting forth deadlines for discovery and for the filing of dispositive motions. Dkt. 26. On January 5, 2024, Plaintiff filed a second motion for appointment of counsel. Dkt. 28. The Court denied that motion as well concluding, as it had with respect to Plaintiff's first such motion, that Plaintiff had yet to demonstrate his case involved exceptional circumstances warranting the appointment of counsel. Dkt. 33. On May 13, 2024, while Plaintiff was in the midst of conducting discovery, he filed a third motion for appointment of counsel. Dkt. 40. The Court, however, once again denied Plaintiff's request for counsel, concluding again that Plaintiff had not made the requisite showing for such an appointment. Dkt. 44.

On August 29, 2024, Defendants filed a motion for summary judgment seeking dismissal of all claims asserted by Plaintiff in this action, which was originally noted on the Court's calendar for consideration on September 27, 2024. *See* Dkts. 63-69. Plaintiff was thereafter granted additional time on two occasions to file a response to Defendants' summary judgment motion, and Defendants' motion was ultimately re-noted for consideration on December 20,

2024.  *See* Dkts. 73, 78.  Plaintiff filed a response to Defendants' motion on December 13, 2024 (Dkt. 82)[1], and Defendants filed a reply to Plaintiff's response on December 19, 2024 (Dkt. 83).

After reviewing Defendants' summary judgment motion, and all briefing and evidence submitted by the parties, this Court concluded that it was appropriate to *sua sponte* revisit Plaintiff's earlier requests for counsel.  Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted).  Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court now concludes, in light of the evidence in the record, that there are complexities involved in this case that were not evident earlier in the proceedings and it is conceivable, though of course not inevitable, that Plaintiff could succeed on some portion of his Eighth Amendment claim.  The Court further concludes that appointment of counsel would facilitate a more thorough review of what are serious claims of misconduct by corrections officers in relation to the use of force incident at issue here.  The Court deems appointment of counsel appropriate at this juncture.

---

[1] Plaintiff filed multiple documents in response to Defendants' motion (*see* Dkts. 79, 80, 81, 82), but the documents appear to be largely the same with succeeding documents containing only slight variations from previous versions. The Court deems Plaintiff's last filed response the operative response.

ORDER GRANTING REQUEST FOR APPOINTMENT
OF COUNSEL AND DIRECTING THE PRO BONO
COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 3

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Plaintiff's prior requests for appointment of counsel are GRANTED, contingent on identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's Pro Bono Coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 07-23 ("In re: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 3. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue appropriate orders.

(2) Defendants' motion for summary judgment (Dkt. 63) is STRICKEN subject to re-filing at a later date.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, to the Pro Bono Coordinator, and to the Honorable John C. Coughenour.

DATED this 3rd day of February, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge